IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA             :

      v.                                   :              CRIMINAL NO. 12-572

ALEXANDRE ASTAKHOV               :

GOVERNMENT'S SUPPLEMENTAL MOTION TO ADMIT TAPE RECORDINGS AND TRANSCRIPTS

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Robert J. Livermore, Assistant United States Attorney, hereby submits this supplemental motion for the admission at trial of transcripts of certain tape recorded conversations against defendant ALEXANDRE ASTAKHOV.

I.      Introduction

ALEXANDRE ASTAKHOV has been charged in a two count indictment with (1) conspiracy to violate the Arms Export Control Act and (2) an attempted violation of the Arms Export Control Act for attempting to illegally export L-3 CNVD-T thermal clip-on night vision devices, L-3 mini thermal monoculars (MTMs), and an OASYS SkeetIR thermal weapon sight. Trial is scheduled to begin on January 27, 2014 before the Honorable Gene E.K. Pratter.

A portion of the evidence the government seeks to introduce at trial constitutes transcripts of 28 consensual recordings made by a government cooperating defendant, Yahor Osin, using the alias "Denis Egorov". 25 of these recordings are between Egorov and ASTAKHOV. Three of the recordings are between Egorov and ASTAKHOV's partner, who identified himself on the recordings only as "Steve". The government has evidence to establish that "Steve" is Yakov Shvartsovskiy, a person who is currently under indictment in the Southern District of New York

for similar offenses.[1]   However, the government does not believe that it is necessary to prove

during the ASTAKHOV trial that the "Steve" on the recordings is, in fact, Yakov Shvartsovskiy.

On June 26, 2013, the government filed a motion to admit into evidence the transcripts of

the 28 recordings.   On July 23, 2013, the Court held a hearing on that motion.   During the

hearing, the government called Special Agent Alex Zuchman to testify to support the motion.   On

January 16, 2014, the Court issued a ruling in which the Court granted the government's motion

with respect to the 25 recordings between Egorov and ASTAKHOV.   For the three recordings

between Egorov and "Steve", the Court's order stated that the Court "held in abeyance awaiting

supplemental information concerning the identity of the speakers."   While the Court's order did

not specify what additional information the Court sought, during a January 14, 2014 conference

call with the parties, the Court noted that Special Agent Zuchman testified during the July 23

hearing that he had never spoken to Yakov Shvartsovskiy and could not personally identify his

voice as "Steve".

The government hereby files this motion to seek a Court order granting the government's

---

[1]     If necessary, the government could prove that "Steve" is Shvartsovskiy through witnesses
and other evidence such as: (1) Igor Bobel would testify that he worked for Shvartsovskiy in this
arms exporting conspiracy and positively identified the voice of "Steve" on the three recordings as
Shvartsovskiy; (2) other Russian-speaking witnesses have compared the voices of "Steve" and the
voice of Shvartsovskiy and they would to testify that the voices sound the same; (3) e-mails
between the "Steve Huni" e-mail account and another e-mail account used by Shvartsovskiy
suggest that Shvartsovskiy was forwarding e-mails to himself; (4) other e-mail accounts used by
Shvartsovskiy show him purchasing dozens of night vision devices; (5) the e-mail orders show that
Shvartsovskiy ordered these devices to be delivered to his girlfriend's address in New York; (6)
the e-mails further show that Shvartsovskiy completed ITAR forms proving that he knew it was
illegal to export these devices; (7) bank photos and other records show Shvartsovskiy depositing
tens of thousands of dollars in U.S. currency into bank accounts used to buy the night vision
devices; (8) phone records show Shvartsovskiy contacted other conspirators involved in the illegal
purchase and export of night vision devices; and (9) federal law enforcement officers in New York
observed Shvartsovskiy meeting with Aeroflot employees who smuggled the devices to Russia on
his behalf.

motion to introduce at trial the remaining three transcripts between Egorov and "Steve".

## II.     Discussion

In order for the government to admit these three recordings at trial, the government must meet the threshold tests established by Rules 401 and 901 of the Federal Rules of Evidence.

Rule 401 of the Federal Rules of Evidence which provides, "Evidence is relevant if: (a) it has any tendency to make a fact more of less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   In this case, the transcripts of the three recordings between Egorov and "Steve" are unquestionably relevant because they are proof of the conspiracy which ASTAKHOV joined.   For example, in Exhibit #1, Egorov and "Steve" discuss the sale of the devices which ASTAKHOV later purchased from Egorov.   In Exhibit #3, "Steve" identified ASTAKHOV as his "partner" in this venture, providing very concrete evidence of the conspiracy.   In Exhibit #5, "Steve" clarified that ASTAKHOV does the "purchasing on my behalf".   Therefore, the three exhibits are clearly relevant to the charges against ASTAKHOV under Rule 401.

Rule 901 of the Federal Rules of Evidence sets forth the appropriate test for a showing of authenticity of evidence.   "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."   The Third Circuit has held that "[t]he burden of proof for authentication is slight."   McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir.1985). The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be."   In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986).   "All that is required is a

foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be."   Id.   After this preliminary determination, the final assessment of authenticity is left to the jury.   Id.

The government does not have to fully identify the speaker in order to authenticate these transcripts under the Federal Rules of Evidence.   "For statements to be admissible, it is not necessary that the declarant either be a charged member of the conspiracy or that the declarant be identifiable so long as the statement itself proves reliable."   United States v. Arias, 252 F.3d 973, 977 (8th Cir. 2001) (citing United States v. Gonzales, 90 F.3d 1363, 1370 n. 6 (8th Cir.1996); United States v. Carr, 67 F.3d 171, 174 (8th Cir.1995)).

In this case, the probative value of the identity of Yakov Shvartsovskiy as "Steve" in the prosecution of ASTAKHOV is slight.   For the purposes of the ASTAKHOV trial, it is sufficient that the government prove only that ASTAKHOV conspired with "Steve" or with someone else, not necessarily that he conspired with Shvartsovskiy.   The indictment alleges that ASTAKHOV conspired with "a person known to the grand jury, hereinafter Co-Conspirator #1, and with others known and unknown to the grand jury."   Thus, the jury could believe that "Steve" was not Shvartsovskiy but rather someone else, and still properly convict ASTAKHOV of this offense. So long as the government proves beyond a reasonable doubt that ASTAKHOV knowingly entered into this conspiracy, the evidence would support a jury's guilty verdict.

However, by attempting to introduce the evidence that Shvartsovskiy is "Steve", this case would become a mini-trial of Shvartsovskiy.   Shvartsovskiy has not been charged in this district. The probative value of this evidence in the prosecution of ASTAKHOV is minimal.   None of the evidence described above in footnote #1 pertains directly to ASTAKHOV.   For example, Igor

Bobel does not even know ASTAKHOV and never had any dealings with him.   Bobel's

testimony would be limited to his dealings with Shvartsovskiy.   The other evidence described in

footnote #1 is of similar evidentiary value against ASTAKHOV.   There is a strong risk that all of

this evidence proving Shvartsovskiy is "Steve" may confuse the jury as to the issue at hand, which

is, whether the government has proved beyond a reasonable doubt that ASTAKHOV committed

the offenses charged in the indictment.   The sheer volume of this evidence might unnecessarily

delay the trial.   Furthermore, it is at least arguable that the introduction of all of this evidence

against Shvartsovskiy, which is not directly pertinent to ASTAKHOV's conduct, perhaps in some

way might taint the jury's view of ASTAKHOV.   All of these considerations would violate Rule

403 of the Federal Rules of Evidence.

The government proposes that the Court proceed in a different manner.   The transcripts

the government seeks to introduce do not identify the speaker as Yakov Shvartsovskiy, they

identify the speaker only as "Steve".   There is no need for a mini-trial to determine whether

"Steve" is Shvartsovskiy.   The transcripts can be admitted through the testimony of Yahor Osin

who will identify the speaker as "Steve" who is the partner of ASTAKHOV.   Osin can lay the

proper foundation for the admissibility of this evidence under Rules 401 and 901 of the Federal

Rules of Evidence during his testimony at trial.   This will significantly streamline the process and

avoid implicating any issue under Rule 403.   In the alternative, Special Agent Zuchman is

available to testify at a pretrial hearing to summarize the evidence and lay the foundation for the

admissibility of these three transcripts in the same fashion as he laid the foundation for the

admissibility of the other 25 transcripts during the July 23, 2013 hearing.

**III.    Conclusion**

For these reasons, the Court should grant the government's motion to admit the three transcripts at issue.   The government is prepared to introduce whatever evidence the Court requires to satisfy the government's burden under Rules 401 and 901 of the Federal Rules of Evidence.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


_____/s/_____
ROBERT J. LIVERMORE
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of foregoing has been served upon:

       Jim Pascarella, Esq.
       Counsel for ALEXANDRE ASTAKHOV

              /s/
              Robert J. Livermore
              Assistant United States Attorney